# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA

        PLAINTIFF

                                      Case No. 3:13-CR-72(2)

TOBE MCLARTY,                      District Judge Thomas M. Rose

        Defendant
_____

## ENTRY AND ORDER DENYING DEFENDANT'S MOTION
## FOR REDUCTION OF SENTENCE (DOC. 68)

_____

This matter comes before the Court on Defendant's Motion for Reduction of Sentence (Doc. 68). The Government has filed a Response in Opposition (Doc. 70).

In these pleadings, the parties agree that the Defendant is eligible for a reduction based upon Amendment 782 and in accordance with U.S.S.C. Section 1B1.10. However, while Defendant argues for a reduction to 70 months, the Government argues that an additional reduction from the Defendant's original sentence pursuant to his 11(c)(1)(C) plea agreement would be inappropriate.

In Defendant's previous sentencing, his total offense level was determined to be a 23 with a criminal history category of V resulting in a guideline imprisonment range of 84 to 105 months. Pursuant to the acceptance of the Defendant's 11(c)(1)(C) plea agreement, the Court sentenced Defendant to 84 months.

The Court finds that the Defendant now meets the criteria for eligibility for a reduction of sentence based upon the retroactive drug guideline amendment. By applying this amendment, the

Defendant's total offense level is reduced to a level 21. Combined with his criminal history category of V his new imprisonment range is 70-87 months.

Defendant's original offense involved at least 100 grams of heroin. His criminal history is significant with four felony convictions and multiple other significant misdemeanors. Defendant was on community control supervision for four of the misdemeanor offenses at the time of the offense and on bond for two of the felony offenses.

Based upon the Defendant's criminal history, as well as the nature and circumstances of this and his other offenses, the Court has significant concerns for the public safety upon Defendant's release. The risk of reoffending the Court finds to be great.

Therefore, the Court finds that further reduction is unwarranted. The previously imposed sentence is within the Defendant's new guideline range and is sufficient to meet the goals of sentencing but not more than necessary.

Therefore, the Court finds Defendant's total offense level to be a 21 and criminal history category to be a V. Defendant's new guideline sentencing range is determined to be 70 to 87 months. Defendant's sentence of 84 months meets the goals of sentencing, not more than necessary and within Defendant's new guideline range.

Defendant's Motion to Reduce his sentence from 84 to 70 months is DENIED.

IT IS SO ORDERED.

September 25, 2015 *s/THOMAS M. ROSE

_____
THOMAS M. ROSE, JUDGE
UNITED STATES DISTRICT COURT